UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.

No. 99-4723

JAMES JOHN SHEA, JR., a/k/a Joseph
Passalaqua,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-99-101)

Argued: April 7, 2000

Decided: June 30, 2000

Before WILKINS and TRAXLER, Circuit Judges, and
William L. OSTEEN, United States District Judge
for the Middle District of North Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ray McVeigh Shepard, Assistant United States Attorney,
Huntington, West Virginia, for Appellant. Peter Dowling Aiken,
Fort Lauderdale, Florida, for Appellee. **ON BRIEF:** Rebecca A.
Betts, United States Attorney, Huntington, West Virginia, for Appel-
lant. Mark Underwood, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is an appeal by the government from the district court's suppression of evidence obtained during a warrantless search of a hotel room occupied by defendant James John Shea, Jr. Prior to ruling, the district court took testimony and made certain findings of fact which, because we cannot say they were clearly erroneous, we must assume to be correct.

Shea drove from Florida to the Hampton Inn in Barboursville, West Virginia to meet 16-year-old Jane Doe. Doe, whom Shea had met in an Internet chat room, voluntarily drove her vehicle to the hotel as well. And, it was not the first time the couple had met. They had arranged to see one another on at least two prior occasions. Having learned of the intended meeting, Doe's father, sister, and brother-in-law began to look for Doe and eventually found her automobile at the Hampton Inn. Through conversations with the hotel staff, Doe's family confirmed that Shea was registered at the hotel. Not surprisingly, a disturbance ensued and two "911" calls were made from the hotel. Doe's brother-in-law called "911" and notified the dispatcher that a young girl was in a hotel room with an older man. And, the hotel staff called "911" to report the disturbance and request assistance from the police.

When officers arrived, Shea was in the hall outside his hotel room arguing with Doe's brother-in-law. The door to Shea's room was closed. Although the officers knew that Doe had voluntarily driven to the hotel to meet Shea, they did nothing to determine whether Doe met the age for consensual sex, which is 16 years old in West Virginia. See W. Va. Code Ann. § 61-8B-2 (1997). And, there was no reasonable basis to believe that Doe was in peril or that any crime was being committed. Nevertheless, the officers ordered Shea to open the door to his hotel room, and entered without a warrant and without

2

Shea's consent. Upon entering, the officers found Doe sitting on a bed putting on her shoes. The room was searched and a video camera, tapes and related equipment seized.

Rejecting the government's claim that exigent circumstances justified the officers' warrantless entry into Shea's hotel room, see United States v. Moss, 963 F.2d 673, 678 (4th Cir. 1992), the district court concluded that the search violated Shea's Fourth Amendment rights and granted Shea's motion to suppress the evidence obtained as a result of the entry. Having reviewed the briefs and the record, and having the benefit of oral argument, we affirm on the reasoning of the district court.

AFFIRMED

3